B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Brenda Coleman Gillis, Pro Se | Wells Fargo Home Mortgage, doing business as America's Servicing Company, a Division of Wells Fargo Bank NA. |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| n/a | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| [X] Debtor   ☐ U.S. Trustee/Bankruptcy Admin | ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin |
| ☐ Creditor   ☐ Other | [X] Creditor   ☐ Other |
| ☐ Trustee | ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

See Below - And Attached Pages for Detailed Causes of Action, including Eleven Wrongful Foreclosures, Failure to Verify Debt, Collusion & abetting with other companies in wrongful activity in reference to our property. (NATURE OF SUIT)

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| ☐ 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☐ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| [X] 14-Recovery of money/property - other ②  | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** ① | ☐ 65-Dischargeability - other |
| [X] 21-Validity, priority or extent of lien or other interest in property | |
| | **FRBP 7001(7) – Injunctive Relief** |
| **FRBP 7001(3) – Approval of Sale of Property** | ☐ 71-Injunctive relief – imposition of stay |
| ☐ 31-Approval of sale of property of estate and of a co-owner – §363(h) | ☐ 72-Injunctive relief – other |
| | |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| ☐ 41-Objection / revocation of discharge – §727(c),(d),(e) | ☐ 81-Subordination of claim or interest |
| | |
| **FRBP 7001(5) – Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** ③ |
| ☐ 51-Revocation of confirmation | [X] 91-Declaratory judgment |
| | |
| **FRBP 7001(6) – Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | ☐ 01-Determination of removed claim or cause |
| ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq. |
| | ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| **(continued next column)** | |

U.S. BANKRUPTCY COURT
RICHMOND DIVISION
2018 OCT -9 PM 5:11
FILED

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $  45 Million |

Other Relief Sought

Quit Claim Deed - Compensatory Damages - Punitive Damages for 2006 — Present

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>*Brenda Coleman Gillis* | BANKRUPTCY CASE NO.<br>*18 - 33270* | |
| DISTRICT IN WHICH CASE IS PENDING<br>*Eastern District of Virginia* | DIVISION OFFICE<br>*Richmond* | NAME OF JUDGE<br>*Keith L. Phillips* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF<br>*Brenda Coleman Gillis* | DEFENDANT<br>*Wells Fargo Home Mortgage*<br>*America's Servicing Company*<br>*Wells Fargo N.A.* | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>*Eastern District of Virginia* | DIVISION OFFICE<br>*Richmond* | NAME OF JUDGE<br>*Keith L. Phillips* |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*Brenda Coleman Gillis* | | |
| DATE<br>*10/9/2018* | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>*Brenda Coleman Gillis* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Adversary Proceeding Cover Sheet 2 Continuation

- Wells Fargo Home Mortgage, Defendant
   doing business as
      America's Servicing Company, a division of Wells Fargo
                                                    Bank NA

✓ Deutsche Bank National Trust Company, As Trustee for
   First Franklin Mortgage Loan Trust 2006-FF11
   Mortgage Pass-Through Certificates – Series 2006-FF11, Defendent

✓ Deutsche Bank National Trust Company, Defendent

- Professional Foreclosure Corporation of Virginia, Defendent

_ The Law Offices of Samuel I White PC, Defendant

_ The Law Offices of Shapiro + Brown LLP, Defendant

✓ Specialized Loan Servicing LLC, Defendant

Mortgage Electronic Registration Systems Inc., Defendant

### IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE EASTERN DISTRICT OF VIRGINIA

### RICHMOND DIVISION

IN RE:                                              Chapter 13

**BRENDA COLEMAN GILLIS**                           BK Case No.  18-33270-KLP

       Debtor

---

**BRENDA COLEMAN GILLIS**

      Plaintiff, Pro Se                    Adversary Case No. _____

V.

✓ Wells Fargo Home Mortgage
doing business as
America's Servicing Company,
a Division of Wells Fargo Bank, NA

✓ Deutsche Bank National Trust Company,
As Trustee for First Franklin Mortgage Loan Trust 2006-FF11
Mortgage Pass-Through Certificates, Series 2006-FF11

✓ Deutsche Bank National Trust Company

Professional Foreclosure Corporation of Virginia

The Law Offices of Samuel I White PC

The Law Offices of Shapiro + Brown LLP

Specialized Loan Servicing, LLC

Mortgage Electronic Registration Systems Mers,

                       Defendants.

In the United States Bankruptcy Court

Eastern District of Virginia

Richmond Division

In re: Brenda Coleman Gillis, Debtor                    Case# 18-332-170
                                                              Chapter 13

Brenda Coleman Gillis, Plaintiff Pro Se            Adversary Case No _____

---

# Complaint and Nature of Suit

FRBP (7001)(2) - Validity, Priority or Extent of Lien

FRBP (7001 (6) - dischargeability - will and malicious injury

FRBP 7001(9) - Declaratory Judgment

October 9, 2018

COME NOW, the Plaintiff, Brenda Coleman Gillis, *Pro Se*– respectfully submit this Adversary Proceeding to the United States Bankruptcy Court.

The jurisdiction of this Court is founded upon 11 U.S.C. Section 1322 and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

This contested matter is a core proceeding under 28 U.S.C. Section 157(b) (2).
Furthermore, the matter is a requirement, because it pertains to the (Bankruptcy Debtor), the Plaintiff, Brenda Coleman Gillis (Bankruptcy Case #18-33270).

This also names Anthony T. Gillis (spouse of the Brenda Coleman Gillis), as appropriate.

For the record, Anthony T. Gillis, is a natural person, and is NOT A CO- DEBTOR, and is **uninvolved** with his SPOUSE'S BANKRUPTCY CASE NUMBER 18-33270*). However*, the outcome of this adversary proceeding will affect Mr. Gillis directly, due to the fact, that **he** is the *sole Debtor* (and sole responsible party) on the Promissory Note, which **HE** signed on May 19, 2006.
Brenda Coleman Gillis and Anthony T. Gillis (married) jointly, are the affected owners of this property. They are both, natural persons and residents of Henrico County.

Brenda Coleman Gillis, however, is seeking the bankruptcy protection.

Page 2

The estate of the Plaintiff, and her spouse includes an interest in real estate known as:

8212 Heather Ridge Court

Richmond, VA  23231

County of Henrico

More particularly described as:

"ALL THAT certain lot, piece or parcel of land with improvements thereon and appurtenances thereto, lying and being in the Varina District, Henrico County, Virginia, designated as Lot 4, Block K, Section E, FOUR MILE RUN, as shown on plat made by Engineering Design Associates , entitled, "FOUR MILE RUN, SECTION E AND A RESUBDIVISION OF THE RESERVED PARCEL OF SECTION C, VARINA DISTRICT, HENRICO COUNTY, VIRGINIA" dated January 7, 2005, in the Clerk's Office, Circuit Court, Henrico County, Virginia, in Plat Book 121, Page(s) 7 through 12, to which plat reference is hereby made for a more particular description of the property of the property herein conveyed.

AND BEING the same property as conveyed to Centex Homes, a Nevada General Partnership, by virtue of Deed from Fon-Saw, LLC, a Virginia Limited Liability Company, dated May 6, 2004, recorded May 17, 2004 in Deed Book 3669, Page 1515, and recorded in the Clerk's Office of the Circuit of Henrico County,, Virginia.

*Page* **3**

The Deed to our property as conveyed to us on March 9, 2006 (See Exhibit A)

*For the record*: The last purported document purporting to transfer title to the land described herein shows the following purported owner:

Means of Conveyance: Deed

Grantee : Brenda Coleman and Anthony T. Gillis, husband and wife, as tenants by the entirety with the right of survivorship as at common law

Grantor: Bryan and Martha Sheets, husband and wife

# EXHIBIT A – THE DEED

Page 4

JURISDICTION AND VENUE

The venue is proper under 29 U.S.C. Section 1409.

The Venue, our property is in THE UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF
VIRGINIA in and for the Richmond Division is proper under: 8 U.S.C. SECTION 1391(B) AND
(C) & 15 U.S.C. SECTION 53 (B).

The subject property: 8212 Heather Ridge Court, Richmond, Virginia 23231, is located in the County of
Henrico. The Plaintiff, Brenda Coleman Gillis, along with her spouse, Anthony T. Gillis have resided at
our property continuously since May 19, 2006.

The Defendant(s) listed in this adversary proceeding, claim they have (or had) a security interests in our
property located at 8212 Heather Ridge Court , Richmond, Virginia 23231, (County of Henrico).
Defendant(s) is/are referencing a promissory note and a deed of trust, which has a date of
May 19, 2006.  The signature of Anthony T. Gillis is on both, the promissory note and the deed of trust.
The signature of the Debtor in this Bankruptcy, Brenda Coleman Gillis is reflected on the Deed of Trust,
only.

The Plaintiff , (and Co-Owner of the Property) Brenda Coleman Gillis has standing to bring this action
pursuant to 11 U.S.C. Sections 323, 1302, and 1330. The Venue, our property is in THE UNITED STATES
BANKRUPTCY COURT EASTERN DISTRICT OF VIRGINIA in and for the Richmond Division is proper under:
8 U.S.C. SECTION 1391(B) AND (C) & 15 U.S.C. SECTION 53 (B).

Page 5

 JUDICIAL NOTICE

Plaintiff moves the Honorable Court to take the following Mandatory Judicial Notice:

1) Under the Federal Rules of Civil Procedure Rule 201(d) of the following: a) The United States Supreme Court in *Haines versus Kerner 404 US 519 (1972) said that all litigants defending themselves must be afforded the opportunity to present their evidence and that the Court should look to substance of the complaint rather than the form.*

2. In *Platsky versus CIA 953 F. 2d 26 (2nd Circuit 1991), the Circuit Court of Appeals allowed that the District Court should have explained to the litigant proceeding without an lawyer, the correct form, to the Plaintiff so that he could have amended his pleadings accordingly. Plaintiff* respectfully reserves the right to amend that complaint.

Page 6

"A party lacks standing to invoke the jurisdiction of a court unless he has, in an individual or a representative capacity, some real interest in the subject matter of an action."  Wells Fargo Bank, v. Byrd, 178 Ohio App. 3d 285, 2008-Ohio-4603, 897 N.E. 2d 722 (2008).  It went on hold," If plaintiff has offered no evidence that it owned the note and mortgage when the complaint was filed, it would not be entitled to judgment as a matter of law."

## EXHIBIT B – THE PROMISSORY NOTE

As you will notice, that document (EXHIBIT B), is not endorsed by THE ORIGINAL LENDER, First Franklin, a Division of National City Bank of Indiana  (or First Franklin Financial Corporation) TO none of the defendant(s) listed on my multiple adversary proceeding, that are adjacent to my Bankruptcy Case Number 18-33270.

Federal Rules of Bankruptcy Rule 3001 (d):
Evidence of Perfection of the Security Interest: If a security interest in a property of the debt is claimed, the proof of claim shall be accompanied by (VALID) evidence that the security has been perfected. It requires **the LENDER** to provide a (VALID) proof of claim.

Furthermore, a Promissory Note, like a check is a one of a kind *negotiable* instrument. One cannot take a photocopy of a check to a bank to cash it. It is for that reason, the original wet ink signature promissory note is a critical piece of material *evidence* to establish whether the Defendant(s) are the owner,  in Due Course (as governed under the Uniform Commercial Code), and if not, who is.

Page 7

**The point at issue of this controversy has always been the right of enforcement of the promissory note by the Defendant(s).**

Since November 2017, we have requested, (several times over) to inspect the original wet ink signature promissory note. That has not occurred!  Those requests have been sent to servicing companies, lenders, banks, attorney offices, Henrico County Circuit Court, as well as, the Commonwealth of Virginia Attorney General's Office.

I have not observed a "legitimate wet ink signature promissory note"; therefore that request remains incomplete.

However, we have selected to exhibit two (2) pertinent documents, as part of this initial adversary filing proceeding:

# EXHIBIT C:   The Letter and Response to the Attorney General's office with Specialized Loan Servicing

# EXHIBIT D:   Petition for a Verification of Debt/Along with the Attorney's Response located in the Circuit Court of Henrico County.

Page 8

**RECAP:**

The Lender, (on the promissory note) is First Franklin, a Division of National City Bank of Indiana -

The Lender on the HUD1 is First Franklin, a Division of National City Bank of Indiana –

Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2006-FFM L, Mortgage Pass-Through Certificates, Series 2006-FFll is claiming to be the current holder in due course and creditor in this action????

**None of the aforementioned defendant(s) listed in this adversary proceeding- is/are the alleged lender of this loan,  with adverse interest in this controversy.**

**Therefore:**

**I request for this Bankruptcy Court, to thoroughly review *ALL exhibits* submitted in this adversary proceeding.  Here's lies my reasons, for having "the need" to file multiple bankruptcy cases, which were filed in "*good faith* " - solely for the protection of our home, due to all the mortgage imperfections, that have been bestowed upon us since March 2006.**

Page 9

# EXHIBIT E – THE ASSIGNMENT OF THE DEED OF TRUST

The Assignment of the Deed of Trust specially states:

*"FOR VALUE RECEIVED, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as nominee for First***

***Franklin A Division of National City Bank of IN,** its successors and assigns, Assignor herein, its Successor*

*and assigns, hereby assigned and transferred to **Deutsche Bank National Trust Company,***

***As Trustee for First Franklin Mortgage Loan Trust 2006-FFll, Mortgage Pass-Through Certificates,***

***Series 2006-FFll,** Assignee herein, with an address of c/ o **America's Servicing Company,** 3476 State View*

*Boulevard, MAC#X7801-013, Fort Mill, South Carolina 29715, its successors and assigns, all right ,*

*Title, and interests in and unto a certain Deed of Trust, dated May 19, 2006 and executed by Anthony*

*T. Gillis, Brenda, to David N. Prensky of Arlington County as Trustee, securing an indebtedness in the*

*original amount of $290,000.00, and recorded on May 24, 2006 at Deed Book 4127 AT PAGE 1192 ,*

*among the land records of the County of Henrico."*

Exhibit E –On June 22, 2011 – the only Assignment of the Deed of Trust (2006-Preaent) was recorded in
the Henrico County Circuit Court Records Room. The Assignment was recorded five (5 years after the
Trust closed.  The Trust closed on August 1, 2006 .

THE ORIGINAL DEED OF TRUST IDENTIFIES FIRST FRANKLIN, A DIVISION OF NATIONAL BANK OF INDIANA
AS THE LENDER.

Therefore, Declaratory Judgments WILL BE sought by the Plaintiff to compel all the Defendants,
associated with this adversary proceeding under Bankruptcy Case Number 18-33270, - to provide an
Accurate Proof of Claim (Form 410) before they are allowed to (attempt) to enforce the Note. The

Page 10

THE ORIGINAL DEED OF TRUST IDENTIFIES FIRST FRANKLIN, A DIVISION OF NATIONAL BANK OF INDIANA
AS THE LENDER.

Therefore, Declaratory Judgments WILL BE sought by the Plaintiff to compel all the Defendants,
associated with this adversary proceeding under Bankruptcy Case Number 18-33270, - to provide an
Accurate Proof of Claim (Form 410) before they are allowed to (attempt) to enforce the Note. The
Defendants, currently insist on enforcing the note, but have not provided a VALID proof of claim,
besides a photocopy of the Note, made several years ago.

Additionally, First Franklin, A Division of National City Bank of Indiana, *could not have assigned* any
interest on the assignment (Exhibit E) because it was no longer in existence, as of March 5, 2008.
Furthermore, in order for First Franklin to have assigned its interest in the Note and/ or the Deed of
Trust, it would have to be in the form of a properly executed and acknowledged assignment on the face
of, or properly attached "allonge " .

Referencing, the Promissory Note (EXHIBIT B), for the record, there are only TWO allonges affixed to the
" alleged" promissory note:

1)      *Pay to the order of First Franklin, a Division of National City Bank of Indiana,*

        *by Marty Genovez, Collateral Specialist (signature)*

        *and*

2)      *Pay to the order of _____, without recourse*

        *First Franklin Financial Corporation , Marty E. Genovez (signature) Collateral Specialist*

**There is no assignment of said deed of trust to any of the aforementioned defendant(s).**

Page 11

# EXHIBIT F – THE DEED OF TRUST

Bankruptcy Debtor's *spouse*, Anthony T. Gillis *did* sign a promissory note and a Deed of Trust with

First Franklin, a Division of National City Bank of Indiana on May 19, 2006. (EXHIBITS B & F)

Mortgage notes are commercial paper (whether negotiable or non-negotiable).

VA Code Section 8.IA-101et seq.; First National Exchange Bank versus Johnson, 355 S.E.2d 326

(Va 198 7): "when a party seeks to enforce a note against a debtor, the debtor not only has the right, but

also has the responsibility to demand production of the note."

Because DEFENDANTS are seeking to enforce the May 19, 2006 note executed by Lender, First Franklin,

a Division of National City Bank of Indiana, it has become necessary to include other

substantive *Virginia Law*, that is codified in Va. Code Section 8.1 A-101 et seq.

Under Virginia law, with exceptions not relevant here, a person is entitled to enforce an instrument ,

such as a promissory note **ONLY** if such person is

a.       the holder of the instrument , or

b.       a nonholder in possession of the instrument who has the rights of a holder

Page 12

Va. Code Section 8.3A-201 states that "An endorsement, in turn, is a signature, that is made on the instrument (if it is on) a paper affixed to the instrument - Va. Code Section 8.3A-204 (a) .

Therefore: *referring back to the Promissory Note, which my spouse signed (Exhibit B ), there are only TWO allonges affixed to the "alleged " promissory note"*

1) Pay to the order of First Franklin , a Division of National City Bank of Ind iana, by Marty Genovez, Collateral Specialist (signature)

 and

2) Pay to  the order of_____, without recourse, First Franklin

 Financial Corporation, Marty E. Genovez (signature ) Collateral Specialist

Page 13

Per Virginia law, the Instrument (the Promissory Note), is payable to an identified person.

(First Franklin, a Division of National City Bank of Indiana) (and BLANK),

"Its initial negotiation or transfer requires an endorsement by that person as a holder in possession, and the endorsement must be written on the instrument or a paper so firmly affixed thereto as to become a

part thereof. Adams v. Madison Realty & Dev., Inc. 853 F.2d 163 (3d Cir . 1988)."

**THE KEY TO THE PROBLEM REGARDING FORECLOSURES OF MORTGAGES ARE THE ASSIGNMENTS OF MORTGAGES**

*The Assignment of the Deed of Trust operate to transfer ownership of the Mortgage (Deed of Trust)*

from one to another. A **VALID** assignment transfers, not only the ownership of the mortgage, it is the

document which allows the assignee of the assignment to begin foreclosure action.  Additionally, ONLY

*the holder/owner of the Note and Mortgage can institute a foreclosure action.*

**The original mortgage note must be endorsed to the named transferee in this order:**

**ORIGINATOR, SELLER, SPONSOR & TRUST**

Page 14

**This DID NOT OCCUR!**

**The loan was closed with First Franklin, a Division of National City Bank of Indiana on May 19, 2006.**

**However, other "alleged lenders/creditors etc." are attempting to foreclose on our home.**

**There MUST be, *by law*, a VALID chain of assignment to show that a "lender" is the real and beneficial party of interest.**

**LOAN TRANSFERS TO TRUST NOT COMPLYING WITH STRICT**

**PROVISIONS OF TRUST DOCUMENTS CANNOT BE PROPERTY OF THE**

**TRUST AS A MATTER OF LAW.**

Page 15

On June 22, 2018, Sara Tussey (Counsel for Deutsche Bank Trust Company)

admitted before the Henrico County Circuit Court Judge, **that is loan is a securitized loan**.

Furthermore, through my extensive research, I have learned that:

(Because) it is loan is a SECURITIZED LOAN, all securitizations require the creation of a securitization

 trust and require that mortgage loans be physically deposited into the trusts PRIOR to the issuance of

Mortgage Backed Securities (MBS)- if they don' t, they are subject to 100% tax penalties and would

violate the FASB 140 true sale and control rule.

In addition, there is a pending *Lis Pendens* recorded in the Henrico County Circuit Court Civil Division.

Therefore, the process of securitization led to this broken chain of title of the underlying Promissory

note.

# Under United States Supreme Court decision in re:

# " Carpenter v. Longan 83 U.S. 16 Wall. 271 271 (1872):

# Page 83 U.S. 274: The not e and the mortgage are inseparable; the

# former as essential, the latter as an incident. An assignment of the note

# carries the mortgage with it, while an assignment of the latter

# alone is a nullity."

**Therefore, the party who controls the promissory note controls the Deed of Trust.**

Page 16

The party who controls the Deed of Trust without ownership of the promissory note controls nothing. Since the promissory note has been securitized and owned by shareholders UNKNOWN, it is unclear which one party owns the title to the promissory note.

# EXHIBIT G

# VARIOUS DOCUMENTS THAT IDENTIFIES :

# THE OWNER/ ASSIGNEE

Could this be the reason WHY Deutsche Bank National Trust Bank, and others are unresponsive, when requesting a verification of debt?

Page 17

All the defendants listed in this adversary proceeding

Under Bankruptcy Case Number 18-33270

have colluded and created a series of troublesome events,
including 11 foreclosures, multiple bankruptcies, credit
damage, "unethical redacted or forged documents, in addition
to Violating my Automatic Stay- when my home was wrongfully
foreclosed on June 27, 2018 – not to the mention the countless
hours of stress that has been upon us since 2006.

*Brenda Calemia Gilter*

10/09/2018